# EXHIBIT A

COPY

ESTATE OF
RYLAN AISLEE KOOPMEINERS,
by her personal representative
and natural parent,
NATHAN KOOPMEINERS
8609 18th Avenue
Kenosha, WI 53142,

NATHAN KOOPMEINERS
REGGAN KOOPMEINERS
8609 18th Avenue
Kenosha, WI 53142,
Plaintiffs,

BLUE CROSS BLUE SHIELD OF
WISCONSIN
c/o Registered Agent
CT CORPORATION SYSTEM
8040 Excelsior Drive
Suite 200
Madison, WI 53717
Involuntary Plaintiff,

ABC INSURANCE COMPANY
A fictitious insurance company,

v.

SARAH GUMM (a/k/a SARAH KOEHN,
a/k/a SARAH RACHONER)
1129 Bob of Farrell Lane
Zion, IL 60099
c/o Lake County Jail
Waukegan, IL 60085.

DEF INSURANCE COMPANY
A fictitious insurance company,

CARE.COM, INC.
c/o Registered Agent
Sheila Marcelo
201 Jones Rd, Ste 500
Waltham, MA 02451

GHI INSURANCE COMPANY
A fictitious insurance company,

Defendants.

CASE NO.: **14CV1059**
Case Code: 30105
Amount Greater Than $5000.00

**FILED**

JUL 2 2 2014

Rebecca Matoska-Mentink
Clerk of Circuit Court

BRUCE E. SCHROEDER
Circuit Judge Branch 3

THE STATE OF WISCONSIN, to each person named above as a Defendant:

SARAH GUMM (a/k/a SARAH KOEHN,     DEF INSURANCE COMPANY
a/k/a SARAH RACHONER)              A fictitious insurance company
1129 Bob of Farrell Lane
Zion, IL 60099
c/o Lake County Jail
Waukegan, IL 60085

CARE.COM, INC.                     GHI INSURANCE COMPANY
c/o Registered Agent               A fictitious insurance company
Sheila Marcelo
201 Jones Rd, Ste 500
Waltham, MA 02451

You are hereby notified that the Plaintiff(s) named above has(have) filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes.

The answer must be sent or delivered to the Clerk for the CIRCUIT COURT FOR KENOSHA COUNTY, WI, whose address is 1010 56th STREET, KENOSHA, WISCONSIN 53140, and to GAIL C. GROY, RIZZO & DIERSEN, S.C., Plaintiff's attorney, whose address is 3505 30th AVENUE, KENOSHA, WISCONSIN 53144, and to W. ERICH SCHERR, SCHERR &

SCHERR, LLP, Plaintiff's attorneys, whose address is 230 W. Wells Street, Stuite 610, Milwaukee, WI 53203. You may have an attorney help or represent you.

If you do not provide a proper answer within (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint.

A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Kenosha, Wisconsin, this 2nd day of July , 2014.

Attorneys for the Plaintiff

BY: _Gail C. Groy_
Gail C. Groy
State Bar No. 1084553
W. Erich Scherr
State Bar No. 1031423

ADDRESS:

RIZZO & DIERSEN, S.C.
3505 30th Avenue
Kenosha, WI 53411
Phone 262-652-5050
Fax 262-652-5053
gcg@rizzolaw.com

SCHERR & SCHERR, LLP
230 W. Wells Street
Suite 610
Milwaukee, WI 53203
Phone 414-224-0900



STATE OF WISCONSIN   :    CIRCUIT COURT   :  KENOSHA COUNTY

ESTATE OF
RYLAN AISLEE KOOPMEINERS,
by her personal representative
and natural parent,
NATHAN KOOPMEINERS
8609 18th Avenue
Kenosha, WI 53142,

NATHAN KOOPMEINERS
REGGAN KOOPMEINERS
8609 18th Avenue
Kenosha, WI 53142,
Plaintiffs,

BLUE CROSS BLUE SHIELD OF
WISCONSIN
c/o Registered Agent
CT CORPORATION SYSTEM
8040 Excelsior Drive
Suite 200
Madison, WI 53717
Involuntary Plaintiff,

ABC INSURANCE COMPANY
A fictitious insurance company,

v.

SARAH GUMM (a/k/a SARAH KOEHN,
a/k/a SARAH RACHONER)
1129 Bob of Farrell Lane
Zion, IL 60099
c/o Lake County Jail
Waukegan, IL 60085.

DEF INSURANCE COMPANY
A fictitious insurance company,

CARE.COM, INC.
c/o Registered Agent
Sheila Marcelo
201 Jones Rd, Ste 500
Waltham, MA 02451

GHI INSURANCE COMPANY
A fictitious insurance company,

Defendants.

CASE NO.: **14CV1059**
Case Code: 30105
Amount Greater Than $5000.00

FILED

JUL 2 2 2014

Rebecca Matoska-Mentink
Clerk of Circuit Court

BRUCE E. SCHROEDER
Circuit Judge Branch 3

1

## COMPLAINT

NOW COME the Plaintiffs, ESTATE OF RYLAN AISLEE KOOPMEINERS, NATHAN KOOPMEINERS, and REGGAN KOOPMEINERS, by their attorneys, GAIL C. GROY, RIZZO & DIERSEN, S.C., and W. ERICH SCHERR, SCHERR & SCHERR, LLP, and as and for their Complaint against the Defendants, SARAH GUMM (a/k/a SARAH KOEHN, a/k/a SARAH RACHONER), DEF INSURANCE COMPANY, CARE.COM, INC. and GHI INSURANCE COMPANY allege and show to the Court as follows:

1. RYLAN AISLEE KOOPMEINERS, the Decedent, at all times relevant, was a resident at 8609 18th Avenue, Kenosha, WI 53142. The claim of Plaintiff, ESTATE OF RYLAN AISLEE KOOPMEINERS (hereinafter "RYLAN"), is brought by its personal representative and natural parent, Nathan Koopmeiners.

2. Plaintiffs, NATHAN KOOPMEINERS and REGGAN KOOPMEINERS, at all times relevant, were and are residents at 8609 18th Avenue, Kenosha, WI 53142. NATHAN KOOPMEINERS and REGGAN KOOPMEINERS (hereinafter "KOOPMEINERS"), at times relevant, are and were the natural parents of Rylan.

3. Involuntary Plaintiff, BLUE CROSS BLUE SHIELD OF WISCONSIN (hereinafter "BLUE CROSS"), is a health insurance company with its primary place of business located at N17 W24340 Riverwood Drive, Waukesha, WI, 53188. The registered agent for service of process is CT CORPORATION SYSTEM, 8040 Excelsior Drive, Suite 200, Madison, WI 53717. Involuntary Plaintiff, BLUE CROSS may be a

2

necessary party by virtue of having provided in full force and effort at all times relevant hereto a policy of medical insurance issued to the Plaintiff, RYLAN AISLEE KOOPMEINERS, as a result of the events alleged in this Complaint. Involuntary Plaintiff, BLUE CROSS' rights to reimbursement or subrogation is subject to the "Made Whole" Doctrine, the "Comparative Fault" Statute, requisite expert testimony and is subject to the strictest burden of proof hereon.

4. Involuntary Plaintiff, ABC INSURANCE COMPANY (hereinafter "ABC"), is a heretofore unidentified insurance company engaged in the business of writing and selling medical insurance. The Involuntary Plaintiff may be a necessary party by virtue of having paid healthcare coverage to the Plaintiff, RYLAN AISLEE KOOPMEINERS, as a result of the events alleged hereinafter. Plaintiff, RYLAN AISLEE KOOPMEINERS, affirmatively maintains no rights to reimbursement or subrogation is subject to the "Made Whole" Doctrine, the "Comparative Fault" Statute, requisite expert testimony and is subject to the strictest burden of proof hereon.

5. Defendant, SARAH GUMM (a/k/a Sarah Koehn, a/k/a Sarah Rachoner) (hereinafter "GUMM"), at all times relevant, was an adult resident of the State of Illinois but is now in Lake County Jail located at c/o Lake County Jail, Waukegan, IL 60085. Defendant, GUMM was hired by the KOOPMEINERS to provide nanny and child care services to RYLAN. Defendant, GUMM negligently provided said nanny and child care services causing the death of Plaintiff, RYLAN on or

3

about July 27, 2012.

6. Defendant, DEF INSURANCE COMPANY (hereinafter "DEF"), is a heretofore unidentified insurance company. Defendant, DEF INSURANCE COMPANY had in full force and effect one or more policies of insurance, which insured Defendant, SARAH GUMM. By virtue of the existence of said policies of insurance, and as a result of the acts or failure to act and the negligence of its insured, Defendant, DEF, is directly liable to Plaintiff, RYLAN, in an amount to be determined for expenses incurred on behalf of the estate, recovery of conscious pain and suffering, disability, disfigurement, past medical expenses, and funeral expenses, including burial fees and Plaintiffs, KOOPMEINERS in an amount to be determined for loss of society and companionship.

7. Defendant, CARE.COM, Inc. (hereinafter "CARE.COM") is a foreign entity engaged in the business of screening and recommending candidates for the providing of child care and nanny services. Defendant, CARE.COM'S principle place of business and registered agent are located at 201 Jones Road, Waltham, MA 02451. Defendant, CARE.COM entered into a electronic contract in Wisconsin with KOOPMEINERS, paying a monthly fee, and an additional fee to provide the highest level of background check, which upon information and belief, was known as a "Premier Background Check" to screen and recommend candidates, including but not limited to, Social Security Number Verification, National Criminal Database search, National Sex Offender Registry search, State/County

4

Criminal Records search, United States District Court Criminal Records search, Driving Records search, National Bankruptcy Records search, National Wants and Warrants search, and Civil Restraining Search, such information being critical to the importance for hiring candidates for the providing of child care and nanny services for RYLAN. Defendant, CARE.COM negligently performed its Premier Background Check of Defendant, GUMM, resulting in the hiring of Defendant, GUMM and death of RYLAN on or about July 27, 2012.

8. Defendant, GHI INSURANCE COMPANY (hereinafter "GHI"), is a heretofore unidentified insurance company. Defendant, GHI INSURANCE COMPANY had in full force and effect one or more policies of insurance, which insured Defendant, CARE.COM. By virtue of the existence of said policies of insurance, and as a result of the acts or failure to act and the negligence of its insured, Defendant, GHI, is directly liable to Plaintiff, RYLAN, in an amount to be determined for expenses incurred on behalf of the estate, recovery of conscious pain and suffering, disability, disfigurement, past medical expenses, and funeral expenses, including burial fees, and Plaintiffs, KOOPMEINERS in an amount to be determined for loss of society and companionship.

## FACTUAL BACKGROUND

9. Plaintiff restates and re-alleges those matters contained in paragraphs one (1) through eight (8) as though fully set forth herein.

10. That Defendant, CARE.COM, advertises and represents itself as one of the largest online marketplaces for individuals

5

seeking home and care services and provides recommendations for child care and nanny services in the State of Wisconsin. Defendant, CARE.COM, advertises and represents itself as a premium care service provider, because it screens and recommends candidates for the providing of child care and nanny services. In addition, Defendants, CARE.COM, advertises and recommends, at an additional cost, the highest level of background check, which upon information and belief, was known as a "Premier Background Check", which includes Social Security Number Verification, National Criminal Database search, National Sex Offender Registry search, State/County Criminal Records search, United States District Court Criminal Records search, Driving Records search, National Bankruptcy Records search, National Wants and Warrants search, and Civil Restraining Search, to further induce customers to utilize its services. Defendant, CARE.COM's advertisements and website indicates it is "There for you," "TRUSTe certified, "VeriSign Secured" and accredited by the Better Business Bureau.

11. That, on or around, November 2011 into the early part of 2012, Plaintiffs, KOOPMEINERS, were in search of a candidate to provide child care and nanny services to their infant, Plaintiff, RYLAN. That Plaintiffs, KOOPMEINERS, based on the advertisements and the numerous representations of Defendant, CARE.COM, did contract with the Defendant, CARE.COM, as compared to other similar services, to screen and provide recommendations for candidates to provide child care and nanny services to their infant, Plaintiff, RYLAN. In addition, Plaintiffs, KOOPMEINERS, were induced by and relied on the numerous representations and warranties of Defendant,

6

CARE.COM, that, at an additional cost, the performance of the highest level of background check, which upon information and belief, was known as a "Premier Background Check", which includes Social Security Number Verification, National Criminal Database search, National Sex Offender Registry search, State/County Criminal Records search, United States District Court Criminal Records search, Driving Records search, National Bankruptcy Records search, National Wants and Warrants search, and Civil Restraining Search, would ensure the proper measure of screening and protection to Plaintiff, RYLAN.

12. That Defendant, CARE.COM represented and warranted that it performed the highest level of background check, which upon information and belief, was known as a "Premier Background Check" in vetting and recommending Defendant, GUMM and representing that Defendant, GUMM'S background was suitable for providing child care and nanny services. That Plaintiffs, KOOPMEINERS, reasonably believed and relied upon the numerous representations and warranties of Defendant, CARE.COM by hiring Defendant, GUMM.

13. That, on or about July 27, 2012, Defendant, GUMM was providing child care and nanny services to Plaintiff, RYLAN at her home. That on said date, Plaintiff, RYLAN was approximately three (3) months old. That on said date, Defendant, GUMM left Plaintiff, RYLAN unattended on several occasions to take a taxi cab to a local pharmacy and on each occasion purchased a 1.5 Liter bottle of wine. That on said date, Defendant, GUMM, while providing child care and nanny services to Plaintiff, RYLAN, did so under the influence of alcohol. That on said date, Defendant, GUMM, while providing child

7

care and services to Plaintiff, RYLAN, and while under the influence of alcohol, Defendant, GUMM negligently struck and/or slammed Plaintiff, RYLAN on her head causing a head injury and, ultimately, Plaintiff, RYLAN'S untimely death.

14. That investigation of the incident by law enforcement revealed that Defendant, GUMM had a history of alcohol abuse and violence. Upon information and belief that a background check of Defendant, GUMM revealed an October 20, 2010 Driving Under the Influence "DUI" citation, a November 5, 2010 DUI, an April 29, 2004 battery matter, as well as an August 10, 2012 criminal felony matter. Convictions for D.U.I. and criminal reports of this type are of critical importance, as they can point to, not limited to, "substance abuse problems" and are potential warning signs as to why individuals would not be hired by a parent to look after infants like Plaintiff, RYLAN. That Defendant, CARE.COM was negligent and/or grossly negligent in failing to perform a background check of Defendant, GUMM and/or in performing an inadequate background check of Defendant, GUMM. That Plaintiffs, KOOPMEINERS would not have hired Defendant, GUMM to provide child care and nanny services but for Defendant, CARE.COM'S negligence and/or gross negligence.

## FIRST CAUSE OF ACTION: NEGLIGENCE AGAINST DEFENDANT, SARAH GUMM AND DEF INSURANCE COMPANY

15. Plaintiff restates and re-alleges those matters contained in paragraphs one (1) through fourteen (14) as though fully set forth herein.

16. That Defendant, GUMM negligently provided said child care

8

and nanny services causing the death of Plaintiff, RYLAN on or about July 27, 2012. That as a result of Defendant, GUMM'S negligence, Defendants, GUMM and/or DEF Insurance Company, are directly liable to Plaintiff, RYLAN in an amount to be determined for expenses incurred on behalf of the estate, recovery of conscious pain and suffering, disability, disfigurement, past medical expenses, and funeral expenses, including burial fees, and to to Plaintiffs, KOOPMEINERS, in an amount to be determined for loss of society and companionship.

## SECOND CAUSE OF ACTION: VOLUNTARY ASSUMPTION OF DUTY AGAINST DEFENDANT, CARE.COM AND GHI INSURANCE COMPANY

17. Plaintiff restates and re-alleges those matters contained in paragraphs one (1) through sixteen (16) as though fully set forth herein.

18. That Defendant, CARE.COM was negligent and/or grossly negligent in failing to perform a background check of Defendant, GUMM and/or in performing an inadequate background check of Defendant, GUMM. That Defendant, CARE.COM, by advertising and by making numerous representations that, at an additional cost, the performance of the highest level of background check, which upon information and belief, was known as a "Premier Background Check", which includes Social Security Number Verification, National Criminal Database search, National Sex Offender Registry search, State/County Criminal Records search, United States District Court Criminal Records search, Driving Records search, National Bankruptcy Records search, National Wants and Warrants search, and Civil Restraining Search, would ensure the proper measure of

9

screening and protection to Plaintiff, RYLAN, and by recommending
Defendant, GUMM and representing that Defendant, GUMM'S background
was suitable for providing child care and nanny services breached
the duty it owed to Plaintiffs, KOOPMEINERS to provide safe and
suitable child care and nanny services to Plaintiff, RYLAN. That as
a result of Defendant, CARE.COM'S negligence, Defendants, CARE.COM
and GHI Insurance Company, are directly liable to Plaintiff, RYLAN
in an amount to be determined for expenses incurred on behalf of
the estate, recovery of conscious pain and suffering, disability,
disfigurement, past medical expenses, and funeral expenses,
including burial fees, and to Plaintiffs, KOOPMEINERS, in an amount
to be determined for loss of society and companionship.

## THIRD CAUSE OF ACTION: NEGLIGENT AND/OR GROSSLY NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT, CARE.COM

19.    Plaintiff restates and re-alleges those matters
contained in paragraphs one (1) through eighteen (18) as though
fully set forth herein.

20. That Defendant, CARE.COM was negligent and/or grossly
negligent in failing to perform a background check of Defendant,
GUMM and/or in performing an inadequate background check of
Defendant, Gumm. That Defendant, CARE.COM was reckless and wanton
in failing to perform a background check of Defendant, GUMM and/or
in performing an inadequate background check of Defendant, GUMM,
and in representing and warranting that Defendant, GUMM'S
background was suitable for providing child care and nanny services
to Plaintiff, RYLAN. That Defendant, CARE.COM'S negligent and/or
grossly negligent conduct in failing to perform a background check

10

of Defendant, GUMM and/or in performing an inadequate background check of Defendant, GUMM proximately caused the death of Plaintiff, RYLAN, and inflicted severe and significant emotional distress on Plaintiffs, KOOPMEINERS. That as a result of Defendant, CARE.COM'S negligent and/or grossly negligent acts or failures, Defendants, CARE.COM and GHI Insurance Company, Plaintiffs, KOOPMEINERS, in an amount to be determined for severe and significant emotional distress, and punitive damages.

### FOURTH CAUSE OF ACTION: MISREPRESENTATION AGAINST DEFENDANT CARE.COM

21. Plaintiff restates and re-alleges those matters contained in paragraphs one (1) through twenty (20) as though fully set forth herein.

22. That Defendant, CARE.COM represented and warranted that it performed the highest level of background check, which upon information and belief, was known as a "Premier Background Check" in vetting and recommending Defendant, GUMM and represented and warranted that Defendant, GUMM'S background was suitable for providing child care and nanny services. That Plaintiffs, KOOPMEINERS, relied on these numerous representations and warranties of Defendant, CARE.COM by hiring Defendant, GUMM. That Defendant, CARE.COM knew or in the exercise of reasonable care ought to have known that Defendant GUMM was not a suitable candidate to provide child care and nanny services to Plaintiff, RYLAN. That Defendant, CARE.COM made its numerous representations and warranties for the purpose of financial gain and "up selling" Plaintiffs, KOOPMEINERS to contract for the highest level of

11

background check, which upon information and belief, was known as a "Premier Background Check". Defendant, CARE.COM's misrepresentations were the approximate cause of Plaintiff, RYLAN's death. That as a result of Defendant, CARE.COM's numerous misrepresentations, representations and warranties, Defendants, CARE.COM and GHI Insurance Company, Plaintiffs, KOOPMEINERS, suffered the loss of Plaintiff, RYLAN and are entitled to an award of damages in an amount to be determined for loss of society and companionship, severe and significant emotional distress, and punitive damages.

WHEREFORE, the Plaintiffs, ESTATE OF RYLAN AISLEE KOOPMEINERS, NATHAN KOOPMEINERS, and REGGAN KOOPMEINERS, by their attorneys, GAIL C. GROY, RIZZO & DIERSEN, S.C., and W. ERICH SCHERR, SCHERR & SCHERR, LLP, respectfully request judgment against the Defendants, SARAH GUMM (a/k/a SARAH KOEHN, a/k/a SARAH RACHONER), DEF INSURANCE COMPANY, CARE.COM, INC., and GHI INSURANCE COMPANY as follows:

1. On the First Cause of Action, an award for Plaintiff, RYLAN AISLEE KOOPMEINERS for expenses incurred on behalf of the estate, recovery of conscious pain and suffering, disability, disfigurement, past medical expenses, and funeral expenses, including burial fees, and an award for Plaintiffs, NATHAN AND REGGAN KOOPMEINERS for loss of society and companionship.

2. On the Second Cause of Action, an award for Plaintiff, RYLAN AISLEE KOOPMEINERS for expenses incurred on behalf of the estate, recovery of conscious pain and suffering, disability, disfigurement, past medical expenses, and funeral expenses,

12

including burial fees, and an award for Plaintiffs, NATHAN AND REGGAN KOOPMEINERS for loss of society and companionship.

3. On the Third Cause of Action, an award for Plaintiffs, NATHAN AND REGGAN KOOPMEINERS for loss of society and companionship, emotional distress and punitive damages.

4. On the Fourth Cause of Action, an award for Plaintiffs, NATHAN AND REGGAN KOOPMEINERS for loss of society and companionship, emotional distress and punitive damages.

5. For actual and statutory attorney fees, costs and disbursements.

6. For whatever other relief the Court deems just and equitable.

TRIAL BY JURY OF TWELVE (12) IS HEREBY DEMANDED

Dated at Kenosha, Wisconsin, this 22nd day of July , 2011.

Attorneys for the Plaintiff

BY: _Gail C. Groy_

Gail C. Groy
State Bar No. 1084553
W. Erich Scherr
State Bar No. 1031423

ADDRESS:

RIZZO & DIERSEN, S.C.
3505 30th Avenue
Kenosha, WI 53411
Phone 262-652-5050
Fax 262-652-5053
gcg@rizzolaw.com

SCHERR & SCHERR, LLP
230 W. Wells Street
Suite 610
Milwaukee, WI 53203
Phone 414-224-0900

| | | |
|---|---|---|
| ESTATE OF RYLAN AISLEE KOOPMEINERS ET AL<br>Plaintiff(s)<br><br>Vs.<br><br><br>SARAH GUMM ET AL<br>Defendant(s) | CONFERENCE ORDER AND NOTICE OF SCHEDULING CONFERENCE<br><br><br><br><br>Case No.:14CV1059<br>Judge Bruce E. Schroeder | **FILED**<br><br>JUL 2 2 2014<br><br>Rebecca Matoska-Mentink<br>Clerk of Circuit Court |

**This case is scheduled for:**    **Scheduling Conference pursuant to Sec. 802.10(3) Stats.**

**DATE:**     **Thursday, December 04, 2014**

**TIME:**     **10:00 AM**

**COURT OFFICIAL:**     **Bruce E. Schroeder**

**LOCATION:**     **Room:209 Kenosha County Courthouse**
**912 56th Street, Kenosha, WI 53140**

## THE COURT ORDERS:

1. The plaintiff shall serve this notice upon all defendants to this action and provide proof of service to the court. Any party in this case who causes another party to be joined shall serve this notice upon the joined party and provide proof of service to the court.

2. All plaintiffs and defendants named in this case shall appear either in person **OR** by attorney of record. Under Wisconsin law, a corporation may appear in court only by an attorney. **PARTIES MAY APPEAR BY PHONE FOR THE SCHEDULING CONFERENCE. THE CONFERENCE CALL IS TO BE ARRANGED BETWEEN THE PARTIES BEFORE THE COURT IS CALLED ON THE ABOVE DATE AND TIME. THE NUMBER TO CALL IS 262-653-2401. PARTIES APPEARING BY PHONE SHALL PROVIDE AN EMAIL ADDRESS TO THE COURT CLERK, TAMI.LEMA@WICOURTS.GOV, TO ENSURE RECEIPT OF SCHEDULING ORDER.**

3. Upon failure of any party to comply with this order, the court may enter an order pursuant to Sec. 805.03 and 804.12, Stats., which may include a finding of contempt of court and entry of a default judgment against the offending party.

4. If you intend to challenge the allegations by the plaintiff in the complaint, you must file a written Answer within the number of days specified on the summons. If you do not file such an Answer, you do not have to appear at the above date and time, but judgment may be granted against you, without further notice.

Dated : July 22, 2014        ☒ **JUDGE BRUCE E. SCHROEDER**
                                        Circuit Court Judge, Branch 3

STATE OF WISCONSIN    :    CIRCUIT COURT    :    KENOSHA COUNTY

**ESTATE OF**
**RYLAN AISLEE KOOPMEINERS,**
**by her personal representative**
**and natural parent,**
**NATHAN KOOPMEINERS**
**8609 18th Avenue**
**Kenosha, WI 53142,**

**NATHAN KOOPMEINERS**           **CASE NO.: 14CV1059**
**REGGAN KOOPMEINERS**           **Case Code: 30105**
**8609 18th Avenue**              **Amount Greater Than $5000.00**
**Kenosha, WI 53142,**
**Plaintiffs,**

**BLUE CROSS BLUE SHIELD OF**
**WISCONSIN**
**c/o Registered Agent**
**CT CORPORATION SYSTEM**
**8040 Excelsior Drive**
**Suite 200**
**Madison, WI 53717**
**Involuntary Plaintiff,**

**ABC INSURANCE COMPANY**
**A fictitious insurance company,**

**v.**

**SARAH GUMM (a/k/a SARAH KOEHN,**
**a/k/a SARAH RACHONER)**
**1129 Bob of Farrell Lane**
**Zion, IL 60099**
**c/o Lake County Jail**
**Waukegan, IL 60085.**

**DEF INSURANCE COMPANY**
**A fictitious insurance company,**

**CARE.COM, INC.**
**c/o Registered Agent**
**Sheila Marcelo**
**201 Jones Rd, Ste 500**
**Waltham, MA 02451**

**GHI INSURANCE COMPANY**
**A fictitious insurance company,**

**Defendants.**

1

## ADMISSION OF SERVICE

Care.com, Inc. waives service in the above captioned matter and designates, Attorney Douglas M. Poland of Godfrey & Kahn, S.C., to accept service on their behalf and acknowledges receipt of a copy of the following documents:

1. Complaint;

2. Summons;

3. Conference Order and Notice of Scheduling Conference;

4. Interrogatories and Request for Documents;

5. Admission of Service in duplicate.

Dated this 18th day of _August_____, 2014.

_____
Douglas M. Poland
State Bar No. 1055189