UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ESTATE OF RYLAN AISLEE
KOOPMEINERS, et al.,

        Plaintiffs,

  and                                                      Case No. 14-CV-1115

BLUE CROSS BLUE SHIELD OF            Code No. 30105 (Wrongful Death)
WISCONSIN, et al.,

        Involuntary Plaintiffs,

  v.

SARAH GUMM, et al.,

        Defendants.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CARE.COM, INC.**

      Defendant Care.com, Inc. ("Care.com"), by and through its undersigned counsel, answers the Complaint of Plaintiffs Estate of Rylan Aislee Koopmeiners, by her personal representative and natural parent, Nathan Koopmeiners, Nathan Koopmeiners, and Reggan Koopmeiners, paragraph by paragraph, as follows:

      1.     RYLAN AISLEE KOOPMEINERS, the Decedent, at all times relevant, was a resident at 8609 18th Avenue, Kenosha, WI 53142. The claim of Plaintiff, ESTATE OF RYLAN AISLEE KOOPMEINERS (hereinafter "RYLAN"), is brought by its personal representative and natural parent, Nathan Koopmeiners.

      **ANSWER**: Care.com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, denies them.

      2.     Plaintiffs, NATHAN KOOPMEINERS and REGGAN KOOPMEINERS, at all times relevant, were and are residents at 8609 18th Avenue, Kenosha, WI 53142. NATHAN KOOPMEINERS and REGGAN KOOPMEINERS (hereinafter "KOOPMEINERS"), at times relevant, are and were the natural parents of Rylan.

**ANSWER**: Care.com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, denies them.

3. Involuntary Plaintiff, BLUE CROSS BLUE SHIELD OF WISCONSIN (hereinafter "BLUE CROSS"), is a health insurance company with its primary place of business located at N17 W24340 Riverwood Drive, Waukesha, WI, 53188. The registered agent for service of process is CT CORPORATION SYSTEM, 8040 Excelsior Drive, Suite 200, Madison, WI 53717. Involuntary Plaintiff, BLUE CROSS may be a necessary party by virtue of having provided in full force and effort at all times relevant hereto a policy of medical insurance issued to the Plaintiff, RYLAN AISLEE KOOPMEINERS, as a result of the events alleged in this Complaint. Involuntary Plaintiff, BLUE CROSS' rights to reimbursement or subrogation is subject to the "Made Whole" Doctrine, the ''Comparative Fault" Statute, requisite expert testimony and is subject to the strictest burden of proof hereon.

**ANSWER**: Care.com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, denies them.

4. Involuntary Plaintiff, ABC INSURANCE COMPANY (hereinafter "ABC"), is a heretofore unidentified insurance company engaged in the business of writing and selling medical insurance. The Involuntary Plaintiff may be a necessary party by virtue of having paid healthcare coverage to the Plaintiff, RYLAN AISLEE KOOPMEINERS, as a result of the events alleged hereinafter. Plaintiff, RYLAN AISLEE KOOPMEINERS, affirmatively maintains no rights to reimbursement or subrogation is subject to the "Made Whole" Doctrine, the "Comparative Fault" Statute, requisite expert testimony and is subject to the strictest burden of proof hereon.

**ANSWER**: Care.com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, denies them.

5. Defendant, SARAH GUMM (a/k/a Sarah Koehn, a/k/a Sarah Rachoner) (hereinafter "GUMM"), at all times relevant, was an adult resident of the State of Illinois but is now in Lake County Jail located at c/o Lake County Jail, Waukegan, IL 60085. Defendant, GUMM was hired by the KOOPMEINERS to provide nanny and child care services to RYLAN. Defendant, GUMM negligently provided said nanny and child care services causing the death of Plaintiff, RYLAN on or about July 27, 2012.

**ANSWER**: Care.com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, denies them.

6. Defendant, DEF INSURANCE COMPANY (hereinafter "DEF"), is a heretofore unidentified insurance company. Defendant, DEF INSURANCE COMPANY had in full force and effect one or more policies of insurance, which insured Defendant, SARAH GUMM. By virtue of the existence of said policies of insurance, and as a result of the acts or failure to act and

the negligence of its insured, Defendant, DEF, is directly liable to Plaintiff, RYLAN, in an amount to be determined for expenses incurred on behalf of the estate, recovery of conscious pain and suffering, disability, disfigurement, past medical expenses, and funeral expenses, including burial fees and Plaintiffs, KOOPMEINERS in an amount to be determined for loss of society and companionship.

**ANSWER**: Care.com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies them.

7. Defendant, CARE.COM, Inc. (hereinafter "CARE.COM") is a foreign entity engaged in the business of screening and recommending candidates for the providing of child care and nanny services. Defendant, CARE.COM'S principle place of business and registered agent are located at 20l Jones Road, Waltham, MA 02451. Defendant, CARE.COM entered into a electronic contract in Wisconsin with KOOPMEINERS, paying a monthly fee, and an additional fee to provide the highest level of background check, which upon information and belief, was known as a "Premier Background Check" to screen and recommend candidates, including but not limited to, Social Security Number Verification, National Criminal Database search, National Sex Offender Registry search, State/County Criminal Records search, United States District Court Criminal Records search, Driving Records search, National Bankruptcy Records search, National Wants and Warrants search, and Civil Restraining Search, such information being critical to the importance for hiring candidate for the providing of child care and nanny services for RYLAN. Defendant, CARE.COM negligently performed its Premier Background Check of Defendant, GUMM, resulting in the hiring of Defendant, GUMM and death of RYLAN on or about July 27, 2012.

**ANSWER**: Care.com affirmatively states that it is an online communications platform which enables individuals seeking home or care services ("Care Seekers") and individuals or companies providing home or care services ("Care Providers") to connect. Care.com denies that it is engaged in the business of screening and recommending candidates for the providing of child care and nanny services. Care.com admits that its principal place of business and registered agent are located at 20l Jones Road, Waltham, MA 02451. Answering further, Care.com states that in or around November 2011, the Koopmeiners entered into an electronic contract ("Contract") with Care.com. Care.com affirmatively states that the Contract governs the relationship between Care.com and the Koopmeiners. Care.com admits that the Koopmeiners selected and paid a recurring membership fee with Care.com. Care.com admits that it offers to its members the option to purchase preferred background checks for an additional fee.

Care.com denies that Plaintiffs purchased a preferred background check on any potential care provider, including but not limited to Defendant Gumm. Care.com states that when a member purchases a background check for an additional fee, Care.com contracts with another entity to perform the background check. Care.com denies that it performs background checks, that it negligently performed a background check on Sarah Gumm, denies any liability to Plaintiffs, and denies all remaining allegations contained in paragraph 7.

8. Defendant, GHI INSURANCE COMPANY (hereinafter ''GHI"), is a heretofore unidentified insurance company. Defendant, GHI INSURANCE COMPANY had in full force and effect one or more policies of insurance, which insured Defendant, CARE.COM. By virtue of the existence of said policies of insurance, and as a result of the acts or failure to act and the negligence of its insured, Defendant, GHI, is directly liable to Plaintiff, RYLAN, in an amount to be determined for expenses incurred on behalf of the estate, recovery of conscious pain and suffering, disability, disfigurement, past medical expenses, and funeral expenses, including burial fees, and Plaintiffs, KOOPMEINERS in an amount to be determined for loss of society and companionship.

**ANSWER**: Care.com admits that it had liability insurance in effect during the relevant time period specified in Plaintiffs' Complaint. Care.com denies it has any liability to Plaintiffs, and denies the remaining allegations contained in paragraph 8.

## FACTUAL BACKGROUND

9. Plaintiff restates and re-alleges those matters contained in paragraphs one (1) through eight (8) as though fully set forth herein.

**ANSWER**: Care.com incorporates by reference its responses to the preceding paragraphs of its Answer to Plaintiffs' Complaint, as if fully set forth herein**.**

10. That Defendant, CARE.COM, advertises and represents itself as one of the largest online marketplaces for individuals seeking home and care services and provides recommendations for child care and nanny services in the State of Wisconsin. Defendant, CARE.COM, advertises and represents itself as a premium care service provider, because it screens and recommends candidates for the providing of child care and nanny services. In addition, Defendants, CARE.COM, advertises and recommends, at an additional cost, the highest level of background check, which upon information and belief, was known as a "Premier Background Check", which includes Social Security Number Verification, National Criminal Database search, National Sex Offender Registry search, State/County Criminal Records search, United States District Court Criminal Records search, Driving Records search, National

Bankruptcy Records search, National Wants and Warrants search, and Civil Restraining Search, to further induce customers to utilize its services. Defendant, CARE.COM's advertisements and website indicates it is "There for you," "TRUSTe certified, "VeriSign Secured" and accredited by the Better Business Bureau.

**ANSWER**: Care.com affirmatively states that it is an online marketplace that provides a communications platform which enables individuals seeking home or care services ("Care Seekers") and individuals or companies providing home or care services ("Care Providers") to connect. Care.com denies that it provides recommendations for child care and nanny services in the State of Wisconsin. Care.com denies that it advertises itself as a premium care service provider. Care.com admits that it offers to its members the option to purchase preferred background checks for an additional fee. Care.com admits that it uses the advertising tag line "There for you," and that its website indicates that it is "VeriSign Secured" and that Care.com is accredited by the Better Business Bureau. Care.com admits that at the time the Koopmeiners entered into an electronic contract with Care.com, its website indicated that Care.com's website was TRUSTe certified. Care.com denies any liability to Plaintiffs, and denies all remaining allegations contained in paragraph 10.

11. That, on or around, November 2011 into the early part of 2012, Plaintiffs, KOOPMEINERS, were in search of a candidate to provide child care and nanny services to their infant, Plaintiff, RYLAN. That Plaintiffs, KOOPMEINERS, based on the advertisements and the numerous representations of Defendant, CARE. COM, did contract with the Defendant, CARE.COM, as compared to other similar services, to screen and provide recommendations for candidates to provide child care and nanny services to their infant, Plaintiff, RYLAN. In addition, Plaintiffs, KOOPMEINERS, were induced by and relied on the numerous representations and warranties of Defendant, CARE.COM, that, at an additional cost, the performance of the highest level of background check, which upon information and belief, was known as a "Premier Background Check", which includes Social Security Number Verification, National Criminal Database search, National Sex Offender Registry search, State/County Criminal Records search, United States District Court Criminal Records search, Driving Records search, National Bankruptcy Records search, National Wants and Warrants search, and Civil Restraining Search, would ensure the proper measure of screening and protection to Plaintiff, RYLAN.

**ANSWER**: Care.com admits that, in or around November 2011, Plaintiffs entered into an electronic Contract with Care.com, which allowed the Koopmeiners to access Care.com's website to search for and connect with candidates to provide child care and nanny services. Care.com denies any liability to Plaintiffs, and denies the remaining allegations contained in paragraph 11.

12. That Defendant, CARE.COM represented and warranted that it performed the highest level of background check, which upon information and belief, was known as a "Premier Background Check'' in vetting and recommending Defendant, GUMM and representing that Defendant, GUMM'S background was suitable for providing child care and nanny services. That Plaintiffs, KOOPMEINERS, reasonably believed and relied upon the numerous representations and warranties of Defendant, CARE.COM by hiring Defendant, GUMM.

**ANSWER**: Care.com denies the allegations contained in paragraph 12.

13. That, on or about July 27, 2012, Defendant, GUMM was providing child care and nanny services to Plaintiff, RYLAN at her home. That on said date, Plaintiff, RYLAN was approximately three (3) months old. That on said date, Defendant, GUMM left Plaintiff, RYLAN unattended on several occasions to take a taxi cab to a local pharmacy and on each occasion purchased a 1.5 Liter bottle of wine. That on said date, Defendant, GUMM, while providing child care and nanny services to Plaintiff, RYLAN, did so under the influence of alcohol. That on said date, Defendant, GUMM, while providing child care and services to Plaintiff, RYLAN, and while under the influence of alcohol, Defendant, GUMM negligently struck and/or slammed Plaintiff, RYLAN on her head causing a head injury and, ultimately, Plaintiff, RYLAN'S untimely death.

**ANSWER**: Care.com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies them.

14. That investigation of the incident by law enforcement revealed that Defendant, GUMM had a history of alcohol abuse and violence. Upon information and belief that a background check of Defendant, GUMM revealed an October 20, 2010 Driving Under the Influence "DUI" citation, a November 5, 2010 DUI, an April 29, 2004 battery matter, as well as an August 10, 2012 criminal felony matter. Convictions for D.U.I. and criminal reports of this type are of critical importance, as they can point to, not limited to, "substance abuse problems" and are potential warning signs as to why individuals would not be hired by a parent to look after infants like Plaintiff, RYLAN. That Defendant, CARE.COM was negligent and/or grossly negligent in failing to perform a background check of Defendant, GUMM and/or in performing an inadequate background check of Defendant, GUMM. That Plaintiffs, KOOPMEINERS would not have hired Defendant, GUMM to provide child care and nanny services but for Defendant, CARE.COM'S negligence and/or gross negligence.

**ANSWER**: Care.com denies that it was negligent and/or grossly negligent in failing to perform a background check of Sarah Gumm and/or in performing an inadequate background check of Sarah Gumm and denies any liability to Plaintiffs. Care.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and, therefore, denies them.

**FIRST CAUSE OF ACTION: NEGLIGENCE AGAINST DEFENDANT,<br>SARAH GUMM AND DEF INSURANCE COMPANY**

15. Plaintiff restates and re-alleges those matters contained in paragraphs one (1) through fourteen (l4) as though fully set forth herein.

**ANSWER**: Care.com incorporates by reference its responses to the preceding paragraphs of its Answer to Plaintiffs' complaint, as if fully set forth herein.

16. That Defendant, GUMM negligently provided said child care and nanny services causing the death of Plaintiff, RYLAN on or about July 27, 2012. That as a result of Defendant, GUMM'S negligence, Defendants, GUMM and/or DEF Insurance Company, are directly liable to Plaintiff, RYLAN in an amount to be determined for expenses incurred on behalf of the estate, recovery of conscious pain and suffering, disability, disfigurement, past medical expenses, and funeral expenses, including burial fees, and to Plaintiffs, KOOPMEINERS, in an amount to be determined for loss of society and companionship.

**ANSWER**: The allegations of this paragraph are not directed to Care.com, therefore, no response is required. To the extent a response is deemed required, Care.com lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, therefore, denies them

**SECOND CAUSE OF ACTION: VOLUNTARY ASSUMPTION OF<br>DUTY AGAINST DEFENDANT, CARE.COM AND GHI INSURANCE COMPANY**

17. Plaintiff restates and re-alleges those matters contained in paragraphs one (1) through sixteen (16) as though fully set forth herein.

**ANSWER**: Care.com incorporates by reference its responses to the preceding paragraphs of its Answer to Plaintiffs' complaint, as if fully set forth herein.

18.     That Defendant, CARE.COM was negligent and/or grossly negligent in failing to perform a background check of Defendant, GUMM and/or in performing an inadequate background check of Defendant, GUMM.  That Defendant, CARE.COM, by advertising and by making numerous representations that, at an additional cost, the performance of the highest level of background check, which upon information and belief, was known as a "Premier Background Check", which includes Social Security Number Verification, National Criminal Database search, National Sex Offender Registry search, State/County Criminal Records search, United States District Court Criminal Records search, Driving Records search, National Bankruptcy Records search, National Wants and Warrants search, and Civil Restraining Search, would ensure the proper measure of screening and protection to Plaintiff, RYLAN, and by recommending Defendant, GUMM and representing that Defendant, GUMM'S background was suitable for providing child care and nanny services breached the duty it owed to Plaintiffs, KOOPMEINERS to provide safe and suitable child care and nanny services to Plaintiff, RYLAN.  That as a result of Defendant, CARE.COM'S negligence, Defendants, CARE.COM and GHI Insurance Company, are directly liable to Plaintiff, RYLAN in an amount to be determined for expenses incurred on behalf of the estate, recovery of conscious pain and suffering, disability, disfigurement, past medical expenses, and funeral expenses, including burial fees, and to Plaintiffs, KOOPMEINERS, in an amount to be determined for loss of society and companionship.

**ANSWER**: Care.com denies the allegations contained in paragraph 18.

### THIRD CAUSE OF ACTION:  NEGLIGENT AND/OR GROSSLY NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT, CARE.COM

19.     Plaintiff restates and re-alleges those matters contained in paragraphs one (l) through eighteen (18) as though fully set forth herein.

**ANSWER**: Care.com incorporates by reference its responses to the preceding paragraphs of its Answer to Plaintiffs' complaint, as if fully set forth herein.

20.     That Defendant, CARE.COM was negligent and/or grossly negligent in failing to perform a background check of Defendant, GUMM and/or in performing an inadequate background check of Defendant, Gumm.  That Defendant, CARE.COM was reckless and wanton in failing to perform a background check of Defendant, GUMM and/or in performing an inadequate background check of Defendant, GUMM, and in representing and warranting that Defendant, GUMM'S background was suitable for providing child care and nanny services to Plaintiff, RYLAN.  That Defendant, CARE.COM'S negligent and/or grossly negligent conduct in failing to perform a background check of Defendant, GUMM and/or in performing an inadequate background check of Defendant, GUMM proximately caused the death of Plaintiff, RYLAN, and inflicted severe and significant emotional distress on Plaintiffs, KOOPMEINERS.  That as a result of Defendant, CARE.COM'S negligent and/or grossly negligent acts or failures, Defendants, CARE.COM and GHI Insurance Company, Plaintiffs, KOOPMEINERS, in an amount to be determined for severe and significant emotional distress, and punitive damages.

**ANSWER**: Care.com denies the allegations contained in paragraph 20.

# FOURTH CAUSE OF ACTION: MISREPRESENTATION AGAINST DEFENDANT CARE.COM.

21. Plaintiff restates and re-alleges those matters contained in paragraphs one (1) through twenty (20) as though fully set forth herein.

**ANSWER**: Care.com incorporates by reference its responses to the preceding

paragraphs of its Answer to Plaintiffs' complaint, as if fully set forth herein.

22. That Defendant, CARE.COM represented and warranted that it performed the highest level of background check, which upon information and belief, was known as a "Premier Background Check" in vetting and recommending Defendant, GUMM and represented and warranted that Defendant, GUMM'S background was suitable for providing child care and nanny services. That Plaintiffs, KOOPMEINERS, relied on these numerous representations and warranties of Defendant, CARE.COM by hiring Defendant, GUMM. That Defendant, CARE.COM knew or in the exercise of reasonable care ought to have known that Defendant GUMM was not a suitable candidate to provide child care and nanny services to Plaintiff, RYLAN. That Defendant, CARE.COM made its numerous representations and warranties for the purpose of financial gain and "up selling" Plaintiffs, KOOPMEINERS to contract for the highest level of background check, which upon information and belief, was known as a "Premier Background Check". Defendant, CARE. COM's misrepresentations were the approximate cause of Plaintiff, RYLAN's death. That as a result of Defendant, CARE.COM's numerous misrepresentations, representations and warranties, Defendants, CARE.COM and GHI Insurance Company, Plaintiffs, KOOPMEINERS, suffered the loss of Plaintiff, RYLAN and are entitled to an award of damages in an amount to be determined for loss of society and companionship, severe and significant emotional distress, and punitive damages.

**ANSWER**: Care.com denies the allegations contained in paragraph 22.

WHEREFORE, the Plaintiffs, ESTATE OF RYLAN AISLEE KOOPMEINERS, NATHAN KOOPMEINERS, and REGGAN KOOPMEINERS, by their attorneys, GAIL C. GROY, RIZZO & DIERSEN, S.C., and W. ERICH SCHERR, SCHERR & SCHERR, LLP, respectfully request judgment against the Defendants, SARAH GUMM (a/k/a SARAH KOEHN, a/k/a SARAH RACHONER), DEF INSURANCE COMPANY, CARE.COM, INC., and GHI INSURANCE COMPANY as follows:

1. On the First Cause of Action, an award for Plaintiff, RYLAN AISLEE KOOPMEINERS for expenses incurred on behalf of the estate, recovery of conscious pain and suffering, disability, disfigurement, past medical expenses, and funeral expenses, including burial fees, and an award for Plaintiffs, NATHAN AND REGGAN KOOPMEINERS for loss of society and companionship.

2. On the Second Cause of Action, an award for Plaintiff, RYLAN AISLEE KOOPMEINERS for expenses incurred on behalf of the estate, recovery of conscious pain and suffering, disability, disfigurement, past medical expenses, and funeral expenses, including

burial fees, and an award for Plaintiffs, NATHAN AND REGGAN KOOPMEINERS for loss of society and companionship.

3. On the Third Cause of Action, an award for Plaintiffs, NATHAN AND REGGAN KOOPMEINERS for loss of society and companionship, emotional distress and punitive damages.

4. On the Fourth Cause of Action, an award for Plaintiffs, NATHAN AND REGGAN KOOPMEINERS for loss of society and companionship, emotional distress and punitive damages.

5. For actual and statutory attorney fees, costs and disbursements.

6. For whatever other relief the Court deems just and equitable.

**ANSWER**: Care.com denies the allegations in the "WHEREFORE" section of Plaintiffs' Complaint, denies that Plaintiffs are entitled to the recovery they seek in the numbered paragraphs 1 – 6 of the "WHEREFORE" section of their Complaint, and denies any liability to Plaintiffs.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' damages, if any, were caused or contributed to by the acts, errors, or omissions of other persons, firms, entities or corporations, over whom or which Care.com has and had no control or right of control and for whom or which it is not responsible.

3. Plaintiffs' purported claims are barred by, or should be dismissed pursuant to, the equitable doctrines of waiver, laches and/or estoppel.

4. Plaintiffs' claims are barred by contributory negligence.

5. Plaintiffs' claims are barred by assumption of risk.

6. Plaintiffs' claims are barred by the terms of their Contract with Care.com, expressly releasing Care.com of liability.

7. Any recovery by Plaintiffs must be reduced or offset by any other amounts Plaintiffs have received or will receive for the same injuries claimed in this lawsuit.

8. This answering defendant hereby gives notice that it intends to rely upon such other defenses as may become available or appear in this case, consistent with any order of the Court, and it hereby reserves the right to amend this Answer to assert any such other defenses.

Dated this 25th day of September, 2014.

By: *s/ Douglas M. Poland*
Douglas M. Poland
State Bar No. 1055189
Patricia L. Wheeler
State Bar No. 1048114

Attorneys for CARE.COM, INC.

Godfrey & Kahn, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609
Email: dpoland@gklaw.com
pwheeler@gklaw.com

12219099.1

# CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2014, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will make this document available to all counsel of record for viewing and downloading from the ECF system.

I hereby certify that on September 25, 2014, I caused these documents to be mailed via U.S. Mail on the following parties:

| | |
|---|---|
| Gail C. Groy<br>RIZZO & DIERSEN, S.C.<br>3505 30th Avenue<br>Kenosha, WI 53411<br>*Counsel for Plaintiffs* | W. Erich Scherr<br>SCHERR & SCHERR, LLP<br>230 W. Wells Street, Suite 610<br>Milwaukee, WI 53203<br>*Counsel for Plaintiffs* |
| Blue Cross Blue Shield of Wisconsin<br>c/o Registered Agent CT Corporation System<br>8040 Excelsior Drive, Suite 200<br>Madison, WI 53717<br>*Involuntary Plaintiff* | Jed Stone<br>STONE & ASSOCIATES<br>415 Washington Street, Suite 107<br>Waukegan, IL 60085<br>*Counsel for Defendant, Sarah Gumm* |

                                          *s/ Douglas M. Poland*
                                          Douglas M. Poland

12004106.1