UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

DATE: March 30, 2015
JUDGE: Pamela Pepper
CASE NO: 2014-cv-1115
CASE NAME: Estate of Rylan Aislee Koopmeiners et al vs. Sarah Gumm et al
NATURE OF HEARING: Status Conference
APPEARANCES: W. Erich Scherr -Attorney for the plaintiffs
Gail Groy - Attorney for the plaintiffs
Jed Stone -Attorney for the defendant – Sarah Gumm
Patricia Wheeler – Attorney for the defendants
Douglas Poland – Attorney for the defendants
COURTROOM DEPUTY: Kristine Wrobel
TIME: 10:08 a.m. – 10:52 a.m.

HEARING: Status set for July 16, 2015 at 10:00 a.m. by telephone

The court noted that the parties had requested this hearing, asking for the opportunity to provide the court with an update regarding discovery. The court recounted that it had inherited this case from Judge Stadtmueller, and it acknowledged that due to the change in judges, and to other events, Judge Stadtmueller's scheduling order might no longer be feasible. Counsel for the plaintiffs explained that the parties had exchanged written discovery. He explained that defendant Care.com had indicated its desire for a protective order, but that the parties had been unable to reach an agreement because the plaintiffs did not know what documents would be subject to that order. Counsel further explained that one of the items of discovery that Care.com had asked for was information on the plaintiffs' computer hard drives. He indicated that the plaintiffs work as contract employees for the United States government, and that in order for the defendants to receive permission to access information on their home and work computers, the government required the defendants to complete certain paperwork.

Counsel for defendant Gumm reported that she had answered the complaint, and that he was willing to arrange for her deposition. Counsel for defendant Care.com told the court that the parties had been cooperating on discovery. Counsel explained that the defendants wanted a forensic expert to image and review the plaintiffs' personal and work computer hard drives, both to determine whether they contained information regarding the allegations in the complaint and to determine whether any information had been deleted, either knowingly or unknowingly, from those drives. He reiterated that the defendants could not accomplish that task until they received permission from the government to access the government computers and communications systems. Counsel also explained that he needed information from defendant

1

Gumm's cell phone and cell phone records. He explained, however, that defendant Gumm had been charged criminally in Lake County, Illinois state court, and that the Lake County district attorney had told him that the DA would not release the cell phone or records until after the criminal trial was over. The parties discussed the fact that that trial had been adjourned until September of 2015. The parties also agreed that until either defendant Gumm plead guilty or completed her criminal trial (and possibly any appeal), she was likely to assert her Fifth Amendment privilege regarding many of the questions put to her in any deposition in this case.

The parties presented their positions on the defendants' request for a protective order. Counsel for Care.com told the court that his client was seeking the protective order for two reasons: (a) because some of the documents the plaintiff sought would contain personal identifying information, and (b) Care.com was the largest online caregiver, and the plaintiffs had sought information about customs, practices and other customers that constituted confidential industry information. Counsel told the court that he'd drafted a protective order—had it with him in court today—but that the plaintiffs had not been willing to agree to it if the defendants could not identify exactly which documents it would cover. Counsel for the plaintiffs confirmed that she had asked to get a list of the documents that would be covered by the protective before agreeing to it—she told the court that it was hard to discuss the protective order with her clients if she couldn't tell them which documents it would cover. Counsel told the court that she did not want to agree to the protective order, receive the discovery, and then have to go back to court each time she found a document that she believed ought not be subject to the order.

After extended discussion, the court concluded that the best procedure would be for counsel for Care.com to file the motion for a protective order. If any other party objected to the form of the order generally, it could file that objection in writing. If no party objected to the form of the protective order, the court would sign off on the order, but any party who later concluded that a particular document ought not fall under the order could request a hearing on that issue (if the parties could not resolve it among themselves). The court cautioned the parties, however, that the fact that the court signed a protective order, and that parties produced documents subject to the terms of an agreed protective order, did not mean that the court would allow any such documents to be filed under seal later in the case. The court emphasized that the standard for a court's determination of whether to allow a sealed filing—particularly under Seventh Circuit law—was different from the standard for a court signing an agreed protective order. Counsel for Care.com agreed to file the motion.

2

The parties asked the court to adjourn the deadlines in this case for approximately ninety days, to allow the parties to complete the document discovery, to allow the government to process the defendants' request to image and review the plaintiffs' work and personal computer hard drives, and for the parties to get a better sense of when defendant Gumm might be able to meaningfully participate in a deposition, and her cell phone might be available for release and review.

The court scheduled another status conference for July 16, 2015 at 10:00 a.m. by telephone. At that time, the court stated, it hoped that the parties would report on the progress of the document discovery, the status of the defendants' ability to access the plaintiffs' personal and work computers, the likely date the Lake County DA might release defendant Gumm's cell phone, and the likelihood of her criminal trial taking place in September. The parties may attend the hearing by telephone by calling the court's conference line at 888-557-8511 and using the access code 4893665 #.