UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

DATE: July 16, 2015
JUDGE: Pamela Pepper
CASE NO: 2014-cv-1115
CASE NAME: Estate of Rylan Aislee Koopmeiners et al v. Sarah Gumm et al
NATURE OF HEARING: Status Conference
APPEARANCES: W. Erich Scherr- Attorney for the plaintiff
Jed Stone -Attorney for the defendant, Sarah Gumm
Douglas Poland – Attorney for defendant, Care.com
Erin West – Attorney for defendant, Care.com
COURTROOM DEPUTY: Kristine Wrobel
TIME: 3:38 p.m. – 3:52 p.m.

HEARING: Status set for October 22, 2015 at 1:30 p.m. by telephone

    The court noted that it had scheduled this hearing back in April, in the hope that the parties would have made progress with document discovery, would have obtained information regarding the defendant's ability to access the plaintiffs' personal and work computers (specifically, the Department of Defense permissions necessary to allow that access), and the date of the defendant's criminal trial in state court.

    Counsel for the plaintiffs told the court that the parties had exchanged some written discovery, but stated that he continued to receive information from counsel for Care.com, and expected more. Counsel further indicated that a federal subpoena had recently gone out to a company in New York. He stated that this was the only information he had to give the court at this point, and deferred to counsel for defendant Gumm as to the status of the state court case.

    Counsel for defendant Gumm reported that the criminal trial was scheduled for September 14, 2015. He told the court that while the parties were engaged in plea negotiations, they were, at this point, very far apart. Counsel believed the September date was a firm date, so that if the parties were not able to reach agreement, the trial would take place at that time, and would likely take about ten days to try.

    Counsel for Care.com reported that he had provided the plaintiffs with the bulk of discovery that he had, but that his client did have more information to produce. Counsel stated that the real delay appeared to be related to the fact that no one had any information on the Department of Defense's position on giving the parties access to the home and work computers.

    Counsel for the plaintiffs explained that Attorney Groy had been working with the Department of Defense, but that she was out of the country this week.

1

Counsel told the court that while he knew that Attorney Groy had been working hard on the issue, he couldn't give the court a specific status on what had transpired. He indicated that Attorney Groy would be back on Friday, and could provide a status upon her return.

The court indicated it would be helpful for all of the parties to know the exact nature of, and history of, Ms. Groy's communications with the Department of Defense. The court observed that, for example, if the Department of Defense simply wasn't responding to Ms. Groy's requests, that might necessitate a different court of action than if the DOD had indicated that approval from some other entity was needed, or that it needed a specific court order. The court expressed some frustration that it had been three months since the last hearing, and that everything seemed to be moving forward except the issue of access to the computers.

The parties asked the court to schedule another status conference in October, by which time the state court trial would be over. The court scheduled a status hearing for October 22, 2015 at 1:30 p.m. by telephone. The parties may appear by calling the court's conference line at 888-557-8511 and using the access code 4893665#. The court asked counsel for the plaintiffs to request that Attorney Groy file an update regarding her communications with the Department of Defense by the end of next week.