UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ESTATE OF RYLAN AISLEE
KOOPMEINERS, et al.,

        Plaintiffs,

  and                                             Case No. 14-CV-1115

BLUE CROSS BLUE SHIELD OF
WISCONSIN, et al.,

        Involuntary Plaintiffs,

  v.

SARAH GUMM, et al.,

        Defendants.

## AMENDED PROTECTIVE ORDER

      Whereas Care.com, Inc. anticipates that pretrial discovery in this action will involve the disclosure of trade secrets and/or confidential business information, confidential health care records, and protected personally identifiable information of the various parties and others, disclosed by the parties and by other non-parties from whom discovery may be sought; and

      Whereas the Care.com wishes to establish rules and procedures governing the treatment of such information, and accordingly have conferred in good faith with respect to the terms of this Protective Order pursuant to Fed. R. Civ. P. 26(c);

**IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE UNDERSIGNED PARTIES AS FOLLOWS:**

      1.      All information that is or has been produced or discovered in the above titled action and designated **"Confidential"** or **"Highly Confidential - Attorney's Eyes Only"** shall

be used by the receiving party solely for the prosecution or defense of this action, and shall not be used by any such party, their counsel of record or any other person to whom such material is disclosed for any other purpose, unless the information otherwise has been made available to the general public without a breach of the terms of this Amended Protective Order, or in violation of federal or state law, or is the subject of written agreement between parties' counsel regarding its use.

2. As used in this Amended Protective Order, the term "Confidential Discovery Material" means documents and other information provided in the course of discovery of this action that are designated as **"Confidential"** or **"Highly Confidential - Attorney's Eyes Only"** pursuant to the terms of this Amended Protective Order, or that have been previously designated as such in other similar cases. The term "documents" as used herein shall be interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type. This Amended Protective Order is applicable to all forms of discovery, including but not limited to deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to request for disclosure, responses to requests for admission, medical records, and any electronically stored information ("ESI"). As used herein, a "party" or the "parties" means a person/entity or persons/entities and their representatives subject to this Amended Protective Order. Documents relating to the conduct of a party's or non party's business of a sensitive, confidential, and/or proprietary nature, including, but not limited to, trade secrets; data, codes, programs, methods, processes, and procedures in connection with the development and providing of a party's or non-party's products and services; a party's or non-party's agreements with customers, suppliers, vendors and other third parties; a party's or non-party's financial information; information relating to a

party's or non-party's business plans and strategies; information concerning a party's or non-party's present or former clients; information about a party's or non-party's policies, practices, or standard operating procedures; information about a party's or non-party's administrative and regulatory agency proceedings, lawsuits, or other legal proceedings; and information received from customers, suppliers, vendors and other third parties with whom a party or non-party does business;

3. Any party who receives any Confidential Discovery Material in the course of discovery in this action shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Amended Protective Order.

4. **"Confidential"** information includes information that would identify any person's health records protected by state or federal law. No party shall be compelled to disclose this identifying information and may redact this identifying information from discovery material before production; provided, however, that to the extent any party puts at issue any health records or the health or mental health of any person, the party shall produce such information. If such information is produced in redacted form, the producing party shall maintain an un-redacted copy of such discovery material for any further review by the Court.

5. **"Highly Confidential - Attorney's Eyes Only"** designated materials include those referring to, relating to or constituting trade secrets, proprietary and confidential business information, including confidential research, development, creative, marketing, pricing, data composition and storage or commercial information, including, but not limited to, financial information, information relating to ownership or control of any non-public company, and any information protected from disclosure by any privacy or other law or governmental regulation, as well as any other type of information typically given confidential status by the Court. Materials

3

designated **"Highly Confidential - Attorney's Eyes Only"** shall only be produced to counsel (including in-house counsel), as defined in Paragraph 15(a) Counsel shall not disclose, reveal or discuss the contents of any such document or information except as defined in this amended protective order.

6. Any failure to designate a document **"Highly Confidential - Attorney's Eyes Only"** shall not waive any trade secret or confidential or proprietary business information status for any document otherwise designated as "**Confidential**" pursuant to this Amended Protective Order, and shall not waive or preclude any future **"Highly Confidential - Attorney's Eyes Only"** designation.

7. The Producing Party may designate the document as Confidential Discovery Material by stamping or otherwise clearly marking the document as **"Confidential"** or **"Highly Confidential - Attorney's Eyes Only"** in such a manner that will not interfere with legibility or audibility.

8. To the extent that Confidential Discovery Material stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, cloud-based storage, discs, networks, or tapes ("Electronic Discovery Material") is produced in such form, the party producing such Electronic Discovery Material may designate it as confidential by cover letter referring generally to the Electronic Discovery Material, and/or by designation in the accompanying load file.  Whenever a party to whom confidential Electronic Discovery Material is produced reduces the confidential Electronic Discovery Material to hardcopy or image form, that party shall mark each page of the hardcopy or image form with the **"Confidential"** and/or **"Highly Confidential - Attorney's Eyes Only"** designation.

4

9. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the question and answer shall be bound in a separate volume and marked **"Confidential"** and/or **"Highly Confidential - Attorney's Eyes Only"** by the court reporter. Additionally, all testimony and exhibits to any deposition shall be treated as Confidential Discovery Material from the date that such deposition begins until thirty (30) days following the date that the completed deposition transcript is served on the party(ies) by the court reporter. During this period, each party may designate information disclosed at the deposition as confidential by notifying the other party(ies) in writing of the specific pages and lines which are to be designated confidential, such designation continuing in force for the remainder of the litigation. Any testimony in a deposition which references or discusses documents marked "Confidential" will be automatically treated as "Confidential" under this Amended Protective Order.

10. Third parties to this action may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Amended Protective Order as if they had stipulated to it at the time of entry. Such third parties must state their agreement to be bound by this Amended Protective Order in writing.

11. Documents and information produced by a third party shall be treated as Confidential Discovery Material for thirty (30) calendar days after production, in order to allow the parties to review and assess the documents and information for confidentiality and designation. A non party may designate as Confidential Material subject to this Amended Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.

12.     If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as Confidential Discovery Material, the party may so designate by advising all other parties in writing. The designated documents or material, if the document or other material meets the criteria of Confidential Discovery Material, will thereafter be treated as Confidential Discovery Material pursuant to this Amended Protective Order. Upon receipt of such designation in writing, each party shall take reasonable and appropriate action to notify any and all recipients of such Confidential Discovery Material about the protected status of that Material and shall retrieve the newly designated Confidential Discovery Material from any person who is not permitted by this Amended Protective Order to have such material.

13.     Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the Producing Party notifies the Receiving Party in writing when it becomes aware of such inadvertent production. Upon notification, the Receiving Party shall immediately, at the Producing Party's option, return or destroy the inadvertently-produced materials and all copies, and shall delete the material and all copies from any litigation-support or other database. The recipient shall destroy notes and work product reflecting the contents of such materials. No further use or disclosure shall be made of the inadvertently-produced materials, and the recipient shall take all reasonable and appropriate steps to retrieve the materials, and all copies, from any person to whom the recipient has provided them.

14.     Any party or individual having inadvertently received privileged or protected information need not wait for notice from the Producing Party before complying with the above

6

Case 2:14-cv-01115-PP    Filed 11/25/15    Page 6 of 13    Document 36

and is expected to comply with the requirements of this paragraph as soon as it is known or should be known that the document and information contained therein is privileged and/or protected. If the party returning such material does not agree with the privilege designation, the party returning such material must write a letter to the Producing Party, setting forth the reason for believing that the material in question is not privileged. If the issue cannot be resolved between the parties, the Producing Party shall move the Court, within ten (10) days of the completion of such meet-and-confer efforts, to rule on the material's status and shall produce a copy of the document to the Court for in camera inspection. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information is intended to be binding on non-parties.

15. No party other than the party designating material as Confidential Discovery Material shall disclose such material to any other person, except as follows:

    (a) Counsel for the parties in the specific action in which the documents are to be produced, including any paralegal, clerical, and other staff employed by counsel for work on this action. Such staff shall be notified of the confidential nature of the documents, the existence of this amended protective order, and shall be instructed to disclose the information to no one;

    (b) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

7

(c) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this Amended Protective Order as **Exhibit A**. However, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged in the research, development, manufacture, or sale of any product that competes with, or is similar to, any product(s) addressed in documents produced as Confidential Discovery Material, the party seeking the testimony must also first receive written consent of counsel for the party disclosing the Confidential Discovery Material, or obtain an order from the Court permitting the disclosure to said witness;

(d) Any person retained by a party to serve as an expert consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached;

(e) Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

(f) Official court reporters; and

(g) The court, mediators, and support personnel.

16. Prior to any disclosure of Confidential Discovery Material to any person referred to in subparagraphs (c) or (d) of paragraph 15 above, the person shall be provided by counsel with a copy of this Amended Protective Order and shall sign a non-disclosure agreement in the

8

form attached as **Exhibit A** hereto. The non-disclosure agreement will state that the person has read this Amended Protective Order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this Order is intended to modify or shift any burden of proof or privilege relating to the motion or authorize discovery of experts or their identities.

17. Any party wishing to file any Confidential Discovery Material with the Court, including any portion of a court paper that discloses confidential discovery material, shall file a motion to have the Confidential Discovery Material filed under seal and shall otherwise comply with applicable Federal Rules of Civil Procedure, the Local Rules, and any other rules, procedures, or Orders of this Court. When filing the motion, the filing party will cite to the Court the grounds for filing the Confidential Discovery Material under seal. The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law or whose disclosure is not prohibited by law. Whenever possible, disputes regarding confidentiality designations should be resolved before Confidential Discovery Material or any document containing or referencing Confidential Discovery Material is filed with the Court. For any item of Confidential Discovery Material for which a designation dispute has not been resolved, that item and any document containing or referencing it will be filed under seal (at least provisionally).

18. Any party objecting to the designation of any material as Confidential Discovery Material, or requesting further limits on disclosure (such as "attorney eyes only"), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice

stating with particularity the reasons for the objection. If agreement cannot promptly be reached, the dispute will be submitted to the Court pursuant to the Court's ordinary procedures for handling discovery disputes. Until a dispute is resolved, the material designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only" shall remain and be treated as Confidential Discovery Material pursuant to this Amended Protective Order.

19. Each person who has access to Confidential Discovery Material shall take all necessary precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. This Amended Protective Order shall survive the termination of this action. Within 30 days of the final disposition of this action, which includes the conclusion of any and all appeals, all Confidential Discovery Material, and all copies (including those in electronic format), shall promptly be returned to the Producing Party or, with the permission of the Producing Party, be destroyed.

21. The Court shall retain jurisdiction over all persons and parties subject to this Protective Order to the extent necessary to modify this Amended Protective Order, enforce its obligations, or to impose sanctions for any violation.

22. Nothing in this Amended Protective Order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Discovery Material.

23. Additional parties may be added to this action as allowed under the applicable Rules of Civil Procedure. Before receiving Confidential Discovery Material, a new party must agree to be bound by the terms of this Amended Protective Order as if the party had stipulated to it at the time of entry. No newly added party shall have access to Confidential Discovery Material until the party is subject to the terms of this Amended Protective Order.

10

Case 2:14-cv-01115-PP   Filed 11/25/15   Page 10 of 13   Document 36

24. The provisions of this Amended Protective Order shall not affect, nor does this Order limit, the use or admissibility of Confidential Discovery Material (or references to that material) as evidence at trial, or during any arbitration, mediation, hearing, or similar proceeding in this action or as part of the record on appeal, provided that either parry may seek an appropriate Order of the Court to protect such Confidential Discovery Material, including provisions for use of such materials under seal. The provisions of this Order shall not prejudice the rights of the parties with respect to the use or protection of Confidential Discovery Material at trial or other such addressed proceedings. Absent court order to the contrary, the use or production of Confidential Discovery Material at trial by any party, under seal or under such other terms as required by the Court to maintain the confidentiality of that material, does not waive the protection of such Confidential Discovery Material required under this Amended Protective Order in subsequent proceedings or in any other case.

25. This Amended Protective Order is intended to comport with the requirements of the Health Insurance Portability and Accountability Act ("HIPAA"). Any identifiable health information, other than that of the Plaintiffs', shall be automatically deemed **"Confidential"** and shall be treated as Confidential Discovery Material under the terms of this Order, without being stamped as **"Confidential"** by the producing party. Nothing in this Order shall prevent a party from objecting that documents do not contain individually identifiable health information, or are not otherwise subject to the requirements of HIPPA.

26. Nothing in this Amended Protective Order shall preclude a party from using or disclosing its own Confidential Discovery Material in any manner it sees fit, without the prior consent of any other party and without waiving its **"Confidential"** or **"Highly Confidential - Attorney's Eyes Only"** status under this Amended Protective Order.

11

Case 2:14-cv-01115-PP Filed 11/25/15 Page 11 of 13 Document 36

27. Any party served with a subpoena or other notice compelling production of Confidential Discovery Material shall immediately give written notice to counsel for the Producing Party.

28. A party who learns of an unauthorized or inadvertent disclosure of Confidential Discovery Material by it or by any person to whom the party has disclosed Confidential Discovery Material pursuant to this Amended Protective Order shall immediately (a) issue written notice of the unauthorized or inadvertent disclosure to the producing party; (b) use best efforts to retrieve all copies of the Confidential Discovery Material subject to unauthorized or inadvertent disclosure; (c) inform all persons to whom unauthorized or inadvertent disclosure was made of the terms of this Amended Protective Order; and (d) use best efforts to secure a non-disclosure agreement in the form attached as **Exhibit A** hereto from all persons to whom the unauthorized disclosure was made.

29. Any non-party who produces Confidential Material in connection with this Action may apply to the Court, or otherwise to a court of competent jurisdiction, to enforce this Agreed Amended Protective Order or to seek damages in the event of a breach of the Amended Protective Order.

IT IS SO ORDERED this _____ day of _____, 2015.

_____
U.S. District Judge Pamela Pepper

# EXHIBIT A

### UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF WISCONSIN

**ESTATE OF RYLAN AISLEE**
**KOOPMEINERS, et al.,**

      **Plaintiffs,**

  **and**                                                                               Case No. 14-CV-1115

**BLUE CROSS BLUE SHIELD OF**
**WISCONSIN, et al.,**

      **Involuntary Plaintiffs,**

  **v.**

**SARAH GUMM, et al.,**

      **Defendants.**

      I, _____, acknowledge that I have read and understand the Stipulated Qualified Amended Protective Order ("Amended Protective Order") in this action governing the non-disclosure of those portions of Confidential Discovery Material that have been designated as Confidential or Trade Secret, or contain individually identifiable health information. I agree that I will not disclose such Confidential Discovery Material to anyone except as expressly permitted by the Amended Protective Order and only for purposes of this action, and that at the conclusion of the action I will return all such Confidential Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Amended Protective Order, I understand that I am submitting myself to the jurisdiction of The United States District Court for the Eastern District of Wisconsin for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Amended Protective Order could subject me to punishment for contempt of Court.

      Dated this ____ day of _____, 20____.

                                            _____
                                            Name

                                            _____
                                            Affiliation
                                            Business Address:

                                            _____

                                            _____

13129011.1