UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

DATE: January 28, 2016
JUDGE: Pamela Pepper
CASE NO: 2014-cv-1115
CASE NAME: Estate of Rylan Aislee Koopmeiners et al v. Sarah Gumm et al
NATURE OF HEARING: Status Conference
APPEARANCES: Gail Groy – Attorney for the plaintiffs
Erich Scherr – Attorney for the plaintiffs
Jed Stone - Attorney for the defendant, Sarah Gumm
Joshua Johanningmeier – Attorney for defendant Care.com
Douglas Poland – Attorney for defendant Care.com
Erin West – Attorney for defendant Care.com
COURTROOM DEPUTY: Kristine Wrobel
TIME: 10:37 a.m. – 11:06 a.m.
HEARING: Status conference set for March 15, 2016 at 11:00 a.m. by Telephone

The court had scheduled this status hearing to check on the parties' progress in obtaining the DOD documents and the Sterling documents, and as well as to check in with counsel for defendant Gumm to see whether the criminal trial date in Illinois had changed.

Counsel for defendant Care.com indicated that Sterling had produced the requested documents, which had been distributed to the parties. He told the court that counsel for the Navy had indicated that the search of the DOD computers had yielded some 5,000 pages so far, and that the Navy was in the process of copying those. The Navy estimated they were about halfway finished with responding to the subpoena, and that they estimated the cost to date was approximately $1,100. Counsel estimated that the total cost of production would come to about $2,200, and stated that he'd proposed to the plaintiffs that the parties share those costs (given that it had been a joint subpoena).

Attorney Scherr told the court that he'd been told by the Navy's counsel that Mr. Koopmeiner had indicated that he'd not used his computer for the purposes of researching a babysitter; accordingly, the plaintiffs were not interested in having the Navy search his computer. The Navy attorney also had informed Attorney Scherr that the attorney did not believe the search was yielding any documents that were relevant to the issues in this case. Attorney Scherr indicated that if the defendants wanted the Navy to complete the search, the plaintiffs had no objection, but they were not interested in sharing the costs given what they'd learned from Navy counsel.

Attorney Groy gave the court an example—she indicated that Navy counsel had told her that one of the documents produced as a result of the search was a twenty—eight page documents on the Great Depression. (The

1

search term was "baby," or "babies.") She stated that the Navy also was concerned that the Koopmeiners could not work on their computers as long as the Navy was searching them, which was resulting in a loss of productivity to the Navy. The Navy felt the search was too cumbersome and was not yielding relevant results, and did not wish to proceed.

Counsel for Care.com responded that the information he'd shared with the court—the 5,000 documents, the cost of $1,100 to date, etc.—was from an e-mail he'd received from Navy counsel yesterday. Counsel also pointed out that because he hadn't seen any of the 5,000 pages produced so far, he couldn't say whether they contained relevant information or not.

The court noted that no part had filed a motion to quash the subpoena or to object to completing the search, and thus stated that it was not going to order that the Navy could stop the search. The court stated that it was not going to order the plaintiffs to share the costs of the search, but indicated that if the defendants were willing to pay to have the Navy complete the process, it was not going to interfere.

Counsel for Sarah Gumm informed the parties that the criminal trial was scheduled to start on February 29, 2016, and that this was a firm trial date. That trial was scheduled to last about ten days. Counsel indicated that he would inform all parties and the court if the defendant decided to enter a guilty plea prior to trial.

The court scheduled a status conference for March 15, 2016 at 11:00 a.m. by telephone (at which point, the criminal trial should be concluded, and the parties ought to have had the opportunity to review the documents from the DOD computers and to process the Sterling documents). Parties wishing to appear by phone may do so by calling the court's conference line at 888-557-8511 and using the access code 4893665#.