UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

DATE: March 15, 2016
JUDGE: Pamela Pepper
CASE NO: 2014-cv-1115
CASE NAME: Estate of Rylan Aislee Koopmeiners et al v. Sarah Gumm et al
NATURE OF HEARING: Status Conference
APPEARANCES: Erich Scherr - Attorney for the plaintiffs
Gail Groy – Attorney for the plaintiffs
Jed Stone -Attorney for Sarah Gumm
Erin West – Attorney for Care.com
Joshua Johanningmeier – Attorney for Care.com
Douglas Poland – Attorney for Care.com
COURTROOM DEPUTY: Kristine Wrobel
TIME: 11:05 a.m. – 11:57 a.m.
HEARING: Status conference set for June 1, 2016 at 9:00 a.m. by telephone

    To start off this most recent status conference, the court asked counsel for defendant Gumm to update the court on the criminal case in Lake County, Illinois.

    Counsel for defendant Gumm indicated that she had entered a guilty plea in Lake County Circuit Court, and that the judge had sentenced her to serve twenty-three years. Counsel explained that in Illinois state court, a defendant had thirty days from the date of entry of the plea within which to withdraw the plea. If the defendant filed such a motion, the State then had thirty days to respond. Defendant Gumm had pled guilty on February 22, 2016. Counsel indicated that as far as he was aware at this point, the defendant did not intend to withdraw her plea, but advised that it probably would be best to wait until the end of March before requesting any discovery from the Lake County State's Attorney's Office. Counsel added that he knew the parties wanted to depose the defendant, and reported that he had sent them the contact information for her case manager at Logan Correctional, as well as some dates that might work for the deposition.

    Attorney Johanningmeier stated that he had received word from Navy counsel that the Navy had produced approximately 1,800 pages of documents from the search of the plaintiffs' work computers, and that he was now waiting for those to arrive. Counsel for the plaintiffs indicated that it was her understanding that those 1,800 pages might not contain all relevant information, reminding the court that the Navy previously had expressed concerns about how burdensome the search had been.

    The court enquired of the parties about how they wished to proceed from here.

1

Attorney Scherr indicated that digital imaging company was going through the plaintiff's devices using the search terms the defendants had provided, but that it had concluded that some 80% or so of the resulting information consisted of false positives. Counsel indicated that if the defendants could help drill down into the search terms, perhaps the results might be more targeted and relevant, but that it was his understanding that the defendants would not accept this option, and wanted to conduct the imaging themselves. Counsel also noted that at some point, he expected that the defendants would want to depose the Koopmeiners, and that there would be a need to pull various versions of the Care.com web site as it had existed at that time to question her about what she did or did not believe her membership in Care.com provided her. Counsel told the court that the defendants had raised what amounted to allegations of spoliation, particularly with regard to what they perceived to be deleted e-mails, and counsel opined that it might just be easier to ask the Koopmeiners if they'd deleted e-mails and when and what they related to. He pointed out that deleting e-mails wouldn't constitute spoliation unless there was some evidence that the Koopmeiners had made the deletions after the date at which they had reason to know that they had a possible cause of action.

Attorney Poland responded for Care.com that the information the plaintiffs' expert had provided was inadequate, and that he had sent a letter to counsel for the plaintiffs regarding the deficiencies. He told the court that the plaintiffs' counsel had intimated, both in correspondence and today in court, that because they were individuals (and not corporations), the plaintiffs did not have an obligation to preserve evidence. Counsel argued that this position did not comport with the state of the law. Counsel also told the court that he was getting PDF images of spread sheets, not the spread sheets themselves. With regard to the spoliation argument, he told the court that the defendants' IT expert had been able to determine that there were items in unallocated space on the device drives (indicating that there were deleted items residing there, waiting to be overwritten), and that if the defendants' expert could image the devices, he could possibly determine when some of those items had been deleted, and possible their content. Counsel indicated that plaintiffs' counsel had informed him that their expert would not be conducting that analysis. Finally, counsel noted that a hearing or so back, the court had ruled that plaintiffs' counsel should provide the defendants with the plaintiffs' e-mail addresses and passwords, so that the defendants could access any e-mail that might be stored on a third-party server, and not just e-mail client mail stored locally on the plaintiffs' devices.

The court indicated that it could understand the plaintiffs' concerns about being asked to conduct a search for any items in unallocated space,

without temporal restrictions. The court agreed that a simple allegation that the plaintiffs had "deleted things," without being able to point to deletions that occurred after the emergence of the cause of action, was an overly broad and burdensome request. More to the point, however, the court asked the parties to consider whether using a magistrate judge to help mediate these issues might be of assistance, and if so, whether they were ready to consider that now, or whether they wanted to try to work through more of these issues first.

Counsel for the plaintiffs proposed that the court give the parties another opportunity to try to work through the issues, and to have their experts speak with each other directly. The court agreed, but indicated that if the parties were not able to resolve their issues, the court would again raise the issue of having a magistrate judge (perhaps Judge Jones, if he is available) assist the parties in ESI mediation.

The court scheduled another status conference for June 1, 2016 at 9:00 a.m. by telephone. Parties wishing to appear by phone may do so by calling the court's conference line at 888-557-8511 and using the access code 4893665#.