UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**AMENDED**
Court Minutes and Order

| | |
|---|---|
| DATE: | June 1, 2016 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2014-cv-1115 |
| CASE NAME: | Estate of Rylan Aislee Koopmeiners et al v. Sarah Gumm |
| NATURE OF HEARING: | Status Conference |
| | Gail Groy – Attorney for the plaintiffs |
| | J. Michael Riley – Attorney for the plaintiffs |
| | Erin West – Attorney for defendant Care.com |
| | Joshua Johanningmeir – Attorney for defendant Care.com |
| | Douglas Poland – Attorney for defendant Care.com |
| | Steven Benenson – Attorney for defendant Care.com |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 9:04 a.m. – 9:37 a.m. |

The court had adjourned this hearing to allow the parties time to work through some discovery issues, and to let the court know whether they believed that mediation might help them resolve those issues. The court noted that since the last hearing, counsel for defendant Sarah Gumm had withdrawn, and no new counsel had filed a notice of appearance. Ms. Gumm indicated that her family was trying to retain an attorney to represent her in her criminal case and in this one, but told the court that she'd not yet heard back whether that counsel had agreed to take the case. The court let the defendant know that if she was able to obtain an attorney, that attorney needed to file a notice of appearance in this case.

Attorney Riley reported that the parties had progressed with discovery, and that the plaintiffs had provided materials to defense counsel. He indicated that there remained some outstanding issues, but anticipated that the parties could work resolve those issues. Attorney Riley told the court that mediation might be helpful at some point, but that they agreed it was too soon for that process right now. Attorney Groy added that the experts had conferred in a telephone conference and worked through the electronic discovery issues. She conceded that there had been a brief delay in providing information due to the fact that she'd changed law firm, but that the bigger issue was in producing the contents of the plaintiffs' devices. The method for imaging the messages on those devices required that each message be individually photographed, and there were some **3,800** messages. The process simply was taking a great deal of time. Attorney Groy reported that she'd made her way through a number of the message (and turned them over), but that she was still working on completing that process.

1

Attorney Johanningmeier agreed that the parties had made progress. He told the court that the parties had received what they needed from the US Navy, and would seek no follow-up to the subpoenaed materials. Attorney Johanningmeier confirmed that he was continued to receive documents from the plaintiffs as of yesterday. He told the court, however, that he believed that the case had reached a point where the court could go ahead and issue a scheduling order.

Attorney Groy was hesitant with regard to a firm scheduling order, because she had subpoenaed the Lake County Sheriff's Department for peripherals and she did not know how long it would take to get a response from them. After further discussions, the parties agreed that the court should set the discovery deadline out about six months; if they needed more time (because of a delay in getting the materials from the Sheriff's Department or some other reason), they could make that request. In terms of a trial date, the parties asked the court to give them an idea of what its calendar looked like toward the end of 2017, and then to let them confer with their clients and witnesses about the likely length of time needed for trial, and possible trial dates.

Accordingly, the court **ORDERS** the following:

The plaintiffs shall disclose expert witnesses and provide their reports no later than September 9, 2016.

The defendants shall disclose expert witnesses and provide their reports no later than October 21, 2016.

The plaintiff shall disclose any rebuttal experts and reports no later than November 30, 2016.

The parties shall complete all discovery no later than December 9, 2016.

Any party wishing to file dispositive motions must do so by January 27, 2017.  The response and reply deadlines mandated by the local rules shall apply. Any <u>Daubert</u> challenges or other challenges to experts or expert qualifications are due by January 27, 2017; the response and reply deadlines mandated by the local rules governing general motions shall apply.

The court **ORDERS** that the parties shall appear on June 10, 2016 at 10:30 a.m. by telephone to discuss trial dates. Parties wishing to appear by

2

phone may do so by calling the court's conference line at 888-557-8511 and using the access code 4893665#.

Dated in Milwaukee, Wisconsin this 3rd day of June, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

3

Case 2:14-cv-01115-PP   Filed 06/01/16   Page 3 of 3   Document 47